UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00183-MJD-JPH |
| | ) |
| ANDREW M. SAUL, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Claimant James M. applied for Supplemental Security Income ("SSI") from the Social Security Administration ("SSA") on November 1, 2016, alleging an onset date of February 5, 2011. [Dkt. 18-2 at 169.] His application was initially denied on April 24, 2017, [Dkt. 18-2 at 52], and upon reconsideration on September 29, 2017, [Dkt. 18-2 at 68]. Administrative Law Judge Ronald Jordan (the "ALJ") conducted a hearing on March 11, 2019. [Dkt. 18-2 at 29.] The ALJ issued a decision on March 28, 2019, concluding that Claimant was not entitled to benefits. [Dkt. 18-2 at 10.] The Appeals Council denied review on February 14, 2020. [Dkt.

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

18-2 at 1.] On April 7, 2020, Claimant timely filed this civil action asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Dkt. 1.]

## I. STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (internal quotation marks and citation omitted).

## II. DISCUSSION

Claimant's counsel, Tomas Newlin, has filed a brief in support of Claimant's Complaint in which he identifies four issues for review. Unfortunately, Mr. Newlin fails to adequately develop any of those issues; indeed, while his brief is sixteen pages long, the "argument" section

spans less than two-and-a-half pages. Fatal to Claimant's case is the fact that "[i]t is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011); *see also Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Claimants in social security disability cases are subject to waiver the same as plaintiffs in other civil cases. *See, e.g.*, *Krell v. Saul*, 931 F.3d 582, 587 n.1 (7th Cir. 2019) (finding "brief and underdeveloped" argument waived); *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) (finding "perfunctory and undeveloped" argument waived) (citing *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016)); *Imse v. Berryhill*, 752 F. App'x 358, 363 (7th Cir. 2018) (same). Indeed, the Court notes that Mr. Newlin has been found to have waived arguments in numerous other cases, including another case decided by this Court today. *See, Charles A. v. Saul*, 2:20-00412-MJD-JRS; *see also*, *Herman C. v. Saul*, 2020 WL 5752436, at *7 (S.D. Ind. Sept. 2, 2020), *report and recommendation adopted sub nom. Collins v. Saul*, 2020 WL 5653476 (S.D. Ind. Sept. 22, 2020) ("At the outset, the Court notes that many of the Plaintiff's arguments for remand are both undeveloped and unclear. It is not for this Court to develop the Plaintiff's arguments or comb through the record to find support.") (citations omitted); *William W. v. Saul*, 2020 WL 5493932, at *9 (S.D. Ind. Mar. 25, 2020) (same); *Erick H. v. Saul*, 2:19-cv-00163-MJD-JPH (S.D. Ind. Feb. 14, 2020) ("The Court declines to reach any of Claimant's arguments because they have been waived. "); *Mary S. v. Saul*, 2019 WL 7583658, at *2 (S.D. Ind. Dec. 26, 2019), *report and recommendation adopted sub nom. Schwartz v. Saul*, 2020 WL 224669 (S.D. Ind. Jan. 15, 2020) ("Plaintiff raises no challenges to the evidence cited regarding this or any other specific listing analyzed. . . . Thus, any potential argument regarding

that evidence is effectively waived."); *Nicholas D. v. Saul*, 2019 WL 2635896, at *4 (S.D. Ind. June 26, 2019) ("The Plaintiff fails articulate any cogent argument on Step 3.").

As set forth below, in this case, Mr. Newlin has done no more than identify issues. He has not sufficiently developed any of those issues, and therefore they are all waived.

**A. Step Three**

Claimant identifies the first issue as "The ALJ Erred at Step Three," but his entire "argument" with regard to that issue reads as follows:

> An error of law exists when there has been "misinterpretation or misapplication of, or failure to consider, pertinent provisions of, regulations, and binding agency policies" (5 U.S.C. § 552(a)(2)). "Binding Agency Policies" are "generally available at Social Security rulings, but also may be available in some other form when they have been identified pursuant to 5 U.S.C. § 552(a)(2) as statements of policy and interpretation which have been adopted as binding by the Commissioner of Social Security" (SSR 82-13). Furthermore, the decision is not supported by substantial evidence, which is, "the amount of evidence which, while it may not be preponderance, nevertheless is sufficient to convince a reasonable mind of validity of a position taken on an issue" (Id.).
>
> The ALJ's Step Three determination that claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment is unsupported with respect to medical equivalence. The ALJ relied too heavily on the opinions of State Agency consultants, which are unsupported given the totality of the records and incomplete given the new evidence which was submitted after their reviews. Also, the ALJ's B criterion are unsupported.

[Dkt. 21 at 12-13.] This is not an argument. The first paragraph is simply a discussion of some legal principles, and the second paragraph is simply a description of an issue. Claimant does not even identify which Listing(s) he believes he meets or equals, let alone attempt to articulate what evidence the State Agency consultants did not have or failed to consider and how that evidence supports a finding in his favor at Step 3. Claimant also fails to explain how the ALJ's findings

4

with regard to the B criteria are unsupported. These "perfunctory and undeveloped" arguments are waived.

### B. RFC Determination

Claimant argues that "[t]he ALJ's RFC is unsupported for Four (4) reasons," which he identifies as follows:

1. The RFC is incomplete in light of the Step Three errors delineated above.

2. The ALJ's sedentary RFC does not properly accommodate for Plaintiff's combination of physical impairments. Instead, the AL seems to isolate conditions, such as obesity and disorders of the spine, which when combined would result in a greater level of impairment than can be assessed singly. In addition, the ALJ designation of Plaintiff's need for a cane only when ambulating fails to address the potential need of a cane for standing. This position supported is by [sic] evidence at 6F, p. 4 which notes an antalgic gait even while using a cane.

3. The ALJ's RFC does not account for limitations in social functioning.

4. The ALJ's RFC limiting Plaintiff to simple, repetitive tasks does not accommodate for Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace (Moreno v. Berryhill).[2]

[Dkt. 21 at 13] (footnote added). Again, these are simply issue statements; what should have followed, but did not, are discussions of the relevant evidence, citation to relevant legal authority, and an analysis of how the applicable law applies to the evidence of record. There is simply no way the Court can address any of these issues without researching and constructing

---

[2] The Court notes that the ALJ did not account for Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace only by limiting him to simple, repetitive tasks; the ALJ also limited him to work "requiring only occasional independent judgment regarding primary work processes" and found that "working goals should be static and predictable." [Dkt. 18-2 at 17.] Plaintiff does not even acknowledge those additional restrictions, let alone present any argument regarding why they, when combined with a limitation to simple, repetitive tasks, do not properly account for Plaintiff's moderate limitations in concentration, persistence, or pace.

Claimant's argument for him, which, as noted above, is not the Court's responsibility. These arguments are therefore waived as well.

## C. Subjective Symptom Evaluation

Claimant's entire argument with regard to the ALJ's consideration of his subjective symptoms is as follows:

> The ALJ erred in concluding that Plaintiff's statements were not entirely consistent, placing undue weight on the objective evidence while seeming to discredit Plaintiff's statements based on the lack of evidence. The ALJ's assessment that Plaintiff did not get enough treatment as "one would expect for a totally disabled individual" is not a proper basis to reject Plaintiff's statements.
>
> Per Rule 16-3p (which supersedes Rule 96,7p [sic] as of March 28, 2016), "…The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements, and the reasons for that weight" (https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-07-di-01.html).
>
> The ALJ failed to consider explanations which may include finances and access to care, for example. It does not appear that the ALJ used any other basis in which to consider Plaintiff's statements, and the focus on objective evidence cannot support the finding. Plaintiff contends that, contrary to the ALJ's conclusion, [sic].

[Dkt. 21 at 14.] Again, this argument is far too underdeveloped for the Court to consider. There is a plethora of case law within the Seventh Circuit regarding an ALJ's obligations when considering a claimant's subjective symptoms; Claimant cites to none of it. Indeed, although Claimant expressly recognizes that SSR 96-7p was superseded by SSR 16-3p before the ALJ's hearing in this case, Claimant's only citation to authority is, inexplicably, a quotation from SSR 96-7p. Again, the Court will not research and construct Claimant's arguments for him; that was Claimant's counsel's responsibility. This argument is waived.

6

### D. Final "Argument"

Claimant's final "argument" reads, in its entirety: "As a result of errors as set forth above, the ALJ's ultimate decision is not supported by substantial evidence. Accordingly, this matter should be reversed or remanded for further administrative proceedings consistent with Agency regulations, policy and applicable precedent." [Dkt. 21 at 14.] This is not an argument; it is a conclusion. Any argument Claimant was attempting to make is waived.

### III. CONCLUSION

As explained above, Claimant has failed to develop any argument that would support a finding of reversible error by the ALJ. Accordingly, the Commissioner's decision is **AFFIRMED**.

SO ORDERED.

Dated: 7 JUL 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.